THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LORNA WOOD,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | Civil Action No. _____ |
| **vs.** § | | |
| § | | |
| **UNITED STATES OF AMERICA** § | | |
| **TRANSPORATATION SECURITY** § | | |
| **ADMINISTRATION (TSA)** § | | |
| **AND** § | | |
| **THE CITY OF HOUSTON** § | | |
| § | | **JURY TRIAL DEMANDED** |
| **Defendants.** § | | |

**PLAINTIFF LORNA WOOD'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff, Lorna Wood, and makes and files this Complaint against the United States of America Transportation Security Agency (TSA) and the City of Houston and would show the Court as follows:

**INTRODUCTION**

1.   This is an action in tort for personal injuries suffered by Lorna Wood which were caused by the negligence of agents and employees of the United States of America, U.S. Department of Homeland Security, Transportation Security Administration and the City of Houston while on the premises of Houston Hobby Airport.

2.   Under the Federal Tort Claim Act (FTCA) *28 USC § 2671*, the U.S. Department of Homeland Security Transportation Security Administration TSA an agency of the Defendant United States of America is liable for injuries and damage sustained by Ms. Wood as a result of the dangerous condition on the premises.

3. The Federal Tort Claims Act (FTCA) *28 USC § 2671*, waives the Government's sovereign immunity for civil suits seeking money damages for injury or loss of property, or personal injury or death caused by negligent or wrongful acts or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, *28 USC § 2672*.

4. The basis of liability of the Federal Government included departments and agencies thereof for such negligence is the Federal Tort Claims Act (FTCA), *28 USC § 1346(b)(1)*, *28 USC § 2674*. The U.S. Department of Homeland Security and the Transportation Security Administration are agencies of the United States of America.

5. Under the Texas Tort Claim Act (TTCA) Houston is liable for the injures and damages sustained by Ms. Wood as a result of the dangerous condition on the premises.

## PARTIES

6. LORNA WOOD ("Ms. Wood") is the Plaintiff in this action and is a resident of Hartford Connecticut. Ms. Wood was injured while traveling as a Delta Airlines passenger, at Houston Hobby Airport in Houston, Texas.

7. Defendant United States of America acting through the United States Department of Homeland Security's Transportation Security Administration ("TSA"), performed airport checkpoint services at Houston Hobby Airport located in Houston, Harris County, Texas.

8. Defendant United States of America may be served via certified mail upon the United States Attorney for this District as well as a copy served in similar fashion upon the Attorney General of the United States with a copy to the U. S. Department of Homeland Security as agency, as provided under FRCP Rule 4.

9. Defendant City of Houston ("Houston") is a governmental entity in Texas and may be served by serving its City Attorney Ronald C. Lewis at 900 Bagby Street, Fourth Floor, Houston, Texas 77002.

## JURISDICTION AND VENUE

10. This court has jurisdiction of this action under *28 U.S.C. § 1346(b)* because, as is more fully explained below, the plaintiff asserts this claim under the Federal Tort Claims Act.

11. The claimant previously presented the responsible agency of the Defendant(s) TSA and the City of Houston, with a tort claim on January 11th, 2017 and notice of injury to the City of Houston on October 16th, 2016.

12. Venue is proper in this judicial district because the acts and omissions complained of occurred in this judicial district.

## FACTS AND PREMISES LIABILITY

13. On or about August 20th, 2017, Defendants were the possessor and in charge of maintaining the Delta terminals at Houston Hobby Airport located a 7800 Airport Blvd, Houston, TX 77061.

14. On this date Ms. Wood was traveling with Delta Airlines flight numbers 1054 and 838 between Houston Texas and Hartford Connecticut.

**NEGLIGENCE**

15. At approximately 5:45 A.M., while walking with due care through Houston Hobby Airport, Ms. Wood was caused to fall due to negligently maintained and improperly placed floor mats located at a TSA check point inside of the TSA security area.

16. The mat that caused the injury was under the control of employees and/or agents of the Defendants. The mat and the premises were the property of the City of Houston.

17. At the time of the injury, the claimant was in the process of going through the Security checkpoint which was under the supervision, direction, and control of the Officers and employees of the TSA, a division of the U.S. Department of Homeland Security.

18. The mat that Ms. Wood stepped on was covered with humps and designed for standing. This mat should have not been in the walk way because although it is designed for prolonged standing, it has an uneven surface and is therefore dangerous to walk on.

19. Because the mat was positioned in a way that caused it to protrude into the walk-way Ms. Wood stepped directly on a hump in the mat and broke her right fibula. She also ruptured a ligament in her hand while trying to brace herself from the fall.

20. After her fall, Ms. Wood was attended to by TSA agents. Instead of seeking medical treatment at the airport or one of Houston's several renowned hospitals, the agents told her she probably only sprained her ankle, put her in a wheel chair, and took her to the plane for boarding.

21. Ms. Wood had a layover and had to catch another flight before making it to her destination of Hartford Connecticut. Upon arrival she was finally able to seek medical attention.

22. Once she received medical attention it was determined that she had right fibula fracture that required surgery and a right-hand ligament injury.

23. The physical area of the airport where the injury occurred was under the possession and control of the Defendants and its agents including several inspection stations, controlled walkway areas, barricades, inspection tables, plastic inspection tubs, floor mats, and various security machines.

24. As part of the security check, Ms. Wood was required to comply with directions, orders, and commands communicated by voice to her and others passing through the checkpoint from the uniformed agents of TSA, Ms. Wood complied with these commands and directions.

25. While on Houston Hobby premises, Ms. Wood was solely under the control of the Defendants' agents regarding what to do, how to proceed through the area, as well as when and where to go next immediately prior to her stepping on the protruding mat with humps and breaking her right fibula.

26. The officers and employees of Defendants were acting within the scope of their employment at all times mentioned herein.

27. The acts and omissions of the employees of the Defendants resulted in an unsafe condition at the security checkpoint which the Defendants knew or should have known would result in injury to Ms. Wood while under the Defendants' Control.

28. The employees of the TSA and Houston Hobby Airport were negligent in one or more of the following ways which were the proximate cause of the Claimant's injuries;

   a. Failure to maintain a safe place for the claimant to proceed through the checkpoint safely while under the direction and control of Defendants

   b. Failure to warn Ms. Wood of an unsafe condition at the security checkpoint, namely an unsafe mat protruding out into the walkway.

   c. Failure to eliminate the unsafe and dangerous condition by repositioning or removing the mat from the walking area.

   d. Failure to eliminate the unsafe and dangerous condition by using a mat with a flat surface.

29. The employees of the TSA and Houston Hobby Airport knew or should have known that the unsafe condition(s) at the security checkpoint would reasonably cause injuries to Ms. Wood and others similarly situated.

30. As a result of the negligence of TSA and Houston Hobby Airport, claimant sustained serious injuries requiring surgery and the scars have left her disfigured.

31. The injuries caused Ms. Wood severe pain that was endured for hours as she sat on two cramped flights before receiving any medical treatment. She also suffered mental anguish and distress of the mind. Some or all of said injuries or effects thereof, are likely to be permanent.

32. As a result of these injuries, claimant was compelled to expend and will be obligated in the future to continue to expend large sums of money for medical treatment, surgery, pain management, hospital visits, x-rays, medicines, and therapy causing her loss and damages. Ms. Wood's injuries also significantly diminished her enjoyment of life.

33. The Defendants being in complete control of the premises where the injuries occurred, were negligent in their failure to maintain a reasonably safe environment

34. This negligence and breach of duty proximately caused the injuries and damages complained of herein.

## DAMAGES SOUGHT BY PLAINTIFF

35. As a direct and proximate result of the incident made the basis of this lawsuit, Plaintiff Lorna Wood suffered injuries and incurred the following damages:

    A. Reasonable medical care and expenses in the past, said expenses being incurred by Plaintiff for the necessary treatment and care of the injuries resulting from or exacerbated by the incident herein complained of and said expenses being in the reasonable, usual, or customary charge for such services in the County in which they were rendered;

    B. Future reasonable and necessary medical care and expenses;

    C. Past physical pain and mental anguish;

    D. Future physical pain and mental anguish;

    E. Past physical impairment;

F.  Future physical impairment;

G.  Loss of earnings in the past;

H.  Loss of earnings in the future;

I.  Loss of household services in the past;

J.  Loss of household services in the future;

K.  Past bodily disfigurement;

L.  Future bodily disfigurement;

M.  Cost of medical monitoring and prevention in the future;

N.  Pre-judgment and post-judgment at the highest rates allowed by law; and

O.  All other and further relief to which Plaintiff may be justly entitled.

P.   Cost of medical monitoring and prevention in the future.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, together with interest, cost of court, and all other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By:/s/ Roderick D. Rodgers
    Roderick D. Rodgers
    Fed Bar No. 3025651
    Texas Bar No. 24089590
    Kenneth Stephens Jr.
    Fed Bar No. 2081443
    Texas Bar No. 24082255

2616 South Loop W. #210  
Houston, Texas 77054  
Tel. (832) 930-0529  
Fax. (713) 391-8349  
filings@stephenspllc.com  
Attorney for Plaintiff